## OLD KING COAL CO. v. UNITED STATES.

### No. 1–10.

United States District Court
S. D. Iowa, Central Division.

Dec. 5, 1949.

Wm. R. Sheridan, Asst. U. S. Atty. for Southern District of Iowa, of Keokuk, Iowa (Wm. R. Hart, U. S. Atty., Iowa City, Iowa, and Cloid I. Level, Asst. U. S. Atty., Des Moines, Iowa; appeared on the briefs), for the United States.

Robert W. Greenleaf, of the firm Valentine & Greenleaf, Centerville, Iowa, for Old King Coal Co.

SWITZER, District Judge.

This matter came on for hearing in open court at Des Moines, Iowa, on the 3d day of December, 1949, on a motion by the United States to dismiss the complaint.

The matter was fully argued and the court having carefully read the pleadings and the written briefs filed by counsel for the respective parties, and being fully advised in the premises, finds:

That the complaint herein is predicated upon alleged wrongful acts having been committed by officers and agents of the United States, acting by authority of and under Executive Order of the President, May 21, 1946, No. 9728 (11 F.R. 5593), whereby the Government, by and through the Secretary of the Interior, took possession of plaintiff's mine, together with all appurtenant property, rights and funds, on May 22, 1946, and appointed one M. M. Van Dyke, president of plaintiff corporation, as the manager thereof.

That on or about May 29, 1946, the Secretary of the Interior entered into an agreement with the United Mine Workers of America (known as the Krug-Lewis Agreement), providing the terms and conditions of employment in the mines for the duration of the Government's possession, including plaintiff's mine; and the Coal Mines Administrator forthwith ordered said terms and conditions to be placed in effect at plaintiff's mine.

Mr. M. M. Van Dyke notified the Secretary of the Interior shortly after the beginning of the 1946-47 coal production season that there would be no market for the coal from plaintiff's mine at the price that would have to be charged, if the provisions of the Krug-Lewis Agreement were followed. He also requested that the possession of plaintiff's mine by the Government be terminated and the mine returned to the plaintiff. The United States Coal

Mines Administrator, however, although he permitted the mine in question not to be operated, refused to release possession of the mine to the plaintiff until June 30, 1947. The Government therefore retained possession of the mine for the period from May 22, 1946, to June 30, 1947.

Plaintiff alleges that if said mine had been returned to it, as requested, at the beginning of the 1946-47 coal production season, plaintiff could have placed the mine in operation and have avoided an irreparable loss suffered by the plaintiff by reason of the mine not being operated.

The Government claims in its motion to dismiss that the Federal Tort Claims Act, Sec. 2671, et seq., and Sec. 1346 (b), Title 28, U.S.Code, 28 U.S.C.A. §§ 1346(b), 2671 et seq., under which plaintiff invokes the jurisdiction of this court, is not inclusive of the instant case, for the reason that it falls within the exception contained in Section 2680 (a), which provides: "(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

Plaintiff counters to this proposition by stating that by the plain reading of Executive Order No. 9728, it is apparent that no discretion was vested in the Secretary of the Interior to keep possession of private mines during the period involved, unless they were operated and that the provision relative to their operation was mandatory upon the Secretary.

This court is of the opinion that the Government's position is correct.

I cannot follow the plaintiff's conclusions and from a careful study of Executive Order No. 9728 and the pertinent provisions of the Federal Tort Claims Act, Sections 1346(b), 2679, 2680(c), it seems to me clear that the mandate contained in Executive Order No. 9728, *to operate* the mines of which the Secretary of the Interior took possession thereunder, had reference to the broad and overall operation of all of the mines in the bituminous fields for the good of the war effort, and vested in the Secretary discretion as to the terms and conditions of employment in the mines and "to operate or to arrange for the operation of *such mines in such manner as he may deem necessary in the interest of the war effort;* and *to do all things necessary for, or incidental to,* the production, sale, and distribution of * * * coal produced, prepared, or handled by the said mines." (Our italics).

For instance, let us assume by way of illustration and not of limitation, that all of the owners and operators of the mines in the bituminous coal fields should, as this plaintiff did, have demanded a return of possession for the same reasons reached by this plaintiff or for any other reason, obviously the Secretary of the Interior to have acceded to such requests would have defeated at the outset the very purpose for which Executive Order No. 9728 was issued.

Likewise, I must conclude that the authority given the Secretary of the Interior vested in him the power to negotiate and enter into the so-called Krug-Lewis Agreement with the United Mine Workers of America.

The Secretary was, therefore, of necessity, possessed of a discretion in the furtherance of the war effort to either operate or not to operate a given mine in an isolated situation, such as this one, and plaintiff's counsel admits in argument that, so far as he can find, no similar situation resulting from the possession by the Government of the mines has arisen.

The motion of the Government therefore, should be, and it is hereby, ordered sustained, and the complaint of the plaintiff is dismissed for want of jurisdiction. Plaintiff excepts.